IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SERGIO ENRIQUEZ,

Petitioner,

vs. No. CIV 06-645 RB/LFG

WARDEN HATCH,

Respondent.

**MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION**[1]

**Findings**

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed July 19, 2006. Petitioner Sergio Enriquez ("Enriquez") challenges the judgment and sentence entered by the Third Judicial District court in State v. Enriquez, Cr. No. 2004-0042 (County of Doña Ana). Enriquez pled not guilty and was tried by a jury. He was convicted on October 6, 2004 of Aggravated Battery (Deadly Weapon). A judgment and sentence was entered on April 19, 2005. Enriquez was sentenced to a term of three years followed by two years parole.

2. The New Mexico Court of Appeals affirmed Enriquez's conviction on September 18, 2005. He did not pursue the appeal any further. He thereafter filed two identical state habeas petitions in which he raised the same grounds for relief as he now raises in this federal habeas petition.

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

The state court dismissed his petition on June 2, 2006, and Enriquez did not seek certiorari review by the New Mexico Supreme Court, although he was explicitly advised of his right to do so by the district court in its written decision.

3. Enriquez presents the following grounds for habeas relief: He received ineffective assistance of counsel at trial and on appeal; the trial court erred in certain evidentiary rulings; and the jury incorrectly decided the issue of self-defense.

4. Respondent filed his Answer [Doc. 9], along with a Motion to Dismiss [Doc. 7] and memorandum in support thereof, on August 31, 2006. Enriquez did not file a Response to the Motion to Dismiss, and the time for doing so has expired. D.N.M.LR-Civ. 7.6(a). Failure to file a response within the time prescribed constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b). The Court finds, however, that Respondent's Motion to Dismiss is well-taken and should be granted on the merits.

Claim One: Ineffective Assistance of Counsel

5. In his first claim, Enriquez alleges as follows:

> Ineffective Assistance of Counsel in Trial and Appeal. Judge forced a public defender to represent me even though I had a paid lawyer and I was waiting for him to assist me. Then during my appeal, my paid lawyer dropped the case. Furthermore, I had no evidentiary hearing, nor were any pretrial motions filed.

[Doc. 1, at 6].

6. Enriquez raised a similar claim in his state habeas petition. In Ground One of that petition, he asserts that the "Judge forced Public Defender to help me, even though I didn't want him, because

my paid attorney was not there yet." [Doc. 9, Ex. G, at 4].[2]

7. In ruling on Enriquez's state habeas petition, the district judge made the following findings regarding Enriquez's allegation that the court "forced" a public defender on him, in spite of the fact that he already had retained counsel:

> 2. The defendant retained Francisco Mario Ortiz, Esquire, who entered his appearance May 4, 2004. Mr. Ortiz continuously represented the defendant through jury trial on October 6, 2004.
>
> 3. The jury found the defendant guilty of one count of aggravated battery with a deadly weapon, a third degree felony. The Court released the defendant pending resentencing.
>
> 4. The Court issued a bench warrant for the arrest of the defendant on December 7, 2004 after the defendant failed to appear for sentencing the previous day.
>
> 5. Mr. Ortiz moved to be allowed to withdraw as counsel on December 28, 2004 after the defendant failed to appear. The Court permitted him to withdraw on December 29, 2004.
>
> 6. The defendant was subsequently arrested and brought before the Court for sentencing on April 18, 2005. Since the defendant was unrepresented at that time, the Court appointed the New Mexico Public Defender. The Court entered its judgment and sentence on April 19, 2005.
>
> 7. On April 26, 2005, Mr. Ortiz again entered his appearance on behalf of the defendant and filed a timely notice of appeal. Mr. Ortiz timely filed a docketing statement in the Court of Appeals.
>
> 8. The Court of Appeals affirmed in its memorandum opinion of September 16, 2005 in docket number 25,761. This Court received the mandate on December 7, 2005 . . . .
>
> 13. The defendant's complaint concerning the appointment of the

[2]As noted above, Enriquez filed two state habeas petitions, copies of which are attached to Respondent's Answer as Ex. G and Ex. H. The two petitions are identical, and the Court will refer only to Ex. G in these Findings.

> Public Defender is . . . without merit. None of his claims arises from the acts or omissions of appointed counsel. He does not argue that appointed counsel was ineffective and he does not demonstrate that the defense was prejudiced by the appointment.

[Doc. 9, Ex. I, at 1-2, 3].

8. At the end of its ruling dismissing Enriquez's state habeas petition, the state district judge explicitly notified Enriquez that he was entitled to seek review of the decision by petitioning the New Mexico Supreme Court for a writ of certiorari within thirty days. [Doc. 9, Ex. I, at 3]. Enriquez did not do so. The next action he took in pursuit of his claim of ineffective assistance was to file a federal habeas petition.

9. Enriquez's claim that the court "forced" a public defender on him, when he already had retained counsel to represent him, is not properly presented as an issue of "ineffective assistance of counsel." In any event, the state habeas judge made findings of fact, as detailed above, that specifically rejected any assertion that a public defender was "forced" on Enriquez at a time when he already had retained counsel. An issue raised and decided in a state court proceeding will not be overturned unless petitioner can show that the state proceeding resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Enriquez has not made such a showing; he merely makes the bald assertion, which is refuted by the record, that he was forced to accept the services of an attorney he didn't want, at a time when he already had counsel.

10. To the extent Enriquez implies that either the unwanted public defender and/or retained counsel inadequately represented him at trial, he presents no specifics aside from his allegation that

no pretrial motions were filed. The claim regarding pretrial motions was not raised at all in any state court proceeding; it has therefore been procedurally defaulted. Federal courts do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice, or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991); Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir. 1998). Enriquez does not give any reason why the allegation of ineffectiveness in failing to file pretrial motions was not raised in state court.

11. Enriquez also cites, as an example of ineffective assistance, the fact that he "had no evidentiary hearing." It is unclear what sort of evidentiary Enriquez is referring to with this allegation. He did have a jury trial on the offense with which he was charged. He may be referring to the fact that no evidentiary hearing was held on his state habeas petition; however, he was not represented by counsel at this stage of the proceedings and cannot therefore assert ineffectiveness. In any event, there is no constitutional right to counsel in postconviction habeas proceedings, and "where there is no constitutional right to counsel there can be no deprivation of effective assistance." Coleman v. Thompson, *supra*, 501 U.S. at 752.

12. The claim that his retained counsel "dropped the case" during the appeal was not raised in the state habeas petition as a separate ground for habeas relief. However, Enriquez does appear to allege in the state petition that ineffective assistance of counsel was the reason why his appeal was not pursued to the final stage of applying for certiorari to the state supreme court after his conviction was affirmed. Thus, it appears that Enriquez asserted in the state habeas petition that ineffective assistance on the part of appellate counsel constituted cause to excuse his procedural default in failing to seek certiorari in his direct appeal.

13. While a failure of counsel to complete the appellate process may have excused Enriquez's procedural default with respect to his direct appeal, he has not asserted any cause for his failure to seek certiorari in the state habeas proceeding. It is this latter failure which precludes the Court from examining Enriquez's claims in the federal habeas petition. Watson v. New Mexico, 45 F.3d 385, 387 (10th Cir. 1995) (a failure to seek timely state supreme court review of a denial of a state habeas petition constitutes procedural default for purposes of federal habeas review).

14. Thus, Enriquez's claims of ineffective assistance are barred by procedural default, and he has made no showing of cause and prejudice to excuse the default.

Claim Two: Trial Court's Evidentiary Rulings

15. For his second claim, Enriquez asserts that the trial court would not allow the defense to call a police officer as a witness, while allowing "testimony from a drunken witness" for the prosecution. [Doc. 1, at 7].

16. Enriquez raised this same claim in his state habeas petition. [Doc. 9, Ex. G, at 4]. Although it appears from the wording of the federal petition that Enriquez is claiming that a witness was drunk at the time he testified, there is nothing on the record to support this assertion. In his state petition he says that this witness, who was the person Enriquez stabbed, "by his own statement, doctors statements, and other witness statements, was drunk"; and he states later in the state petition that the victim "attacked petitioner in a drunken stupor" on the night of the incident which led to the charges against Enriquez. [Doc. 9, Ex. G, at 4]. It appears, therefore, that Enriquez is criticizing the fact that the trial court allowed the testimony of a person who was drunk at the time of the events about which he was testifying, not the testimony of a person who was drunk at the time he testified.

17. The state habeas judge did not consider Enriquez's claims of adverse trial rulings on

evidentiary issues, noting that Enriquez failed to raise on direct appeal the issue of error in allowing or excluding evidence, and therefore such claims were not cognizable in habeas proceedings. [Doc. 9, Ex. I, at 2]. Enriquez stated in his state habeas petition that this issue "was raised in appeal, however because of ground 1 [ineffective assistance of counsel], the appeal was dismissed due to time restrictions." [Doc. 9, Ex. G, at 4]. Although not entirely clear, it appears that, by this language, Enriquez is raising ineffective assistance of counsel as an excuse for his procedural default in failing to seek certiorari in his direct appeal. The state habeas judge did not address this issue – perhaps because of the obscure way in which Enriquez worded his petition.

18. In any event, this Court cannot consider the issue of evidentiary rulings, either, because Enriquez procedurally defaulted that issue by failing to seek certiorari after his habeas petition was denied. Watson v. New Mexico, *supra*. Even if the state habeas judge overlooked the "cause and prejudice" allegation which Enriquez may have been attempting to raise in the state habeas petition, Enriquez had another chance to raise this issue with the state supreme court and simply did not take that opportunity. He has offered no reason why he did not take the final step in the state habeas proceeding and thus has presented no cause to excuse the default.

19. Even if this were not the case, Enriquez has not met his burden of showing prejudice. In order to succeed on a claim of a constitutional violation based on a state trial court's evidentiary rulings, a petitioner has to show that the rulings were "so prejudicial in the context of the proceedings as a whole that he was deprived of the fundamental fairness essential to the concept of due process." Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir. 1989).

20. Enriquez makes only conclusory allegations that the evidentiary rulings deprived him of a fair trial. This Court cannot find fault with a trial court which allowed testimony by the very victim

of the crime with which a defendant was charged. It is clear that the court and jury were informed that the witness had been under the influence of alcohol at the time of the incident; Enriquez himself states in his petition that "the court knew he was drunk because he said so at trial." [Doc. 1, at 7]. The jury had this information and were entitled to take it into account in deciding the credibility of the witness.

21. As for the excluded defense testimony, Enriquez says only, "Defense had a police officer as one of key witnesses but trial court wouldn't allow him to testify." [Id.]. He does not explain what the officer would have said on the stand, nor how this testimony would have affected the outcome of the trial. This bare allegation falls far short of showing a reasonable likelihood that the testimony could have affected the judgment of the jury, and therefore that exclusion of the tesimony constituted "prejudice of constitutional dimension," Chaney v. McCotter, 5 F.3d 545 (Table, text in Westlaw), 1993 WL 345526, at *3 (10th Cir. Aug. 27, 1993), in that it "so infused the trial with unfairness as to deny due process of law." Estelle v. McGuire, 502 U.S. 62, 75, 112 S. Ct. 475, 484 (1991).

> In a habeas proceeding claiming a denial of due process, we will not question the evidentiary or procedural rulings of the state court unless the petitioner can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair. [Internal punctuation omitted].

Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995). Enriquez has failed to meet this high burden.

22. Claim Two does not provide ground for habeas relief.

Claim Three: Petitioner Acted in Self Defense

23. For his third claim, Enriquez asserts:

> Alleged victim forced himself into my home, attacked me in a drunken

> stupor, is a karate expert. However I was found guilty when I stabbed the guy in his rib (under his ribs twice) in self defense and out of fear of myself and family. I told him to leave, my wife did the same but he barged in my house!

[Doc. 1, at 9].

24. Enriquez raised this claim in his state habeas petition. The state habeas court noted that the Court of Appeals considered and rejected Enriquez's claim of self defense, and the issue was therefore not appropriate for habeas relief. [Doc. 9, Ex. I, at 3].

25. The New Mexico Court of Appeals, in its proposed summary affirmance of Enriquez's direct appeal, stated as follows:

> In order to support the aggravated battery conviction, the evidence had to show that Defendant intentionally stabbed the victim and did not act in self-defense. [RP 99]. Here, it appears that this case boiled down to a credibility determination over who was telling the truth: the victim, or Defendant and his two sons and girlfriend. [DS 2-3]. Under our standard of review, we defer to the jury's determination . . . . Defendant apparently contends that the court and the prosecutor somehow shifted the burden of proof with respect to self defense and reasonable doubt. We note that the jury was specifically instructed that the State had the burden on these matters . . . . For the reasons set forth above, we propose to affirm.

[Doc. 9, Ex. D, at 2]. No memorandum opposing the proposed summary affirmance was filed, and the Court of Appeals then entered its decision affirming Enriquez's conviction. [Doc. 9, Ex. E].

26. Even if this Court were to find Enriquez's appellate counsel ineffective in failing to file a memorandum opposing summary affirmance, or in failing to apply to the state supreme court for a writ of certiorari once the affirmance was filed, Enriquez has presented nothing to excuse his procedural default in failing to seek certiorari after his habeas petition was rejected. As discussed above, the lack of an excuse for this procedural default precludes this Court from considering the

issue on federal habeas review.

27. And, even if this were not true, Enriquez's allegation that the jury wrongly determined the question of self-defense is not a claim which is cognizable in a federal habeas proceeding. As the state court of appeals noted, the case came down to a credibility determination between the victim on the one hand, and Enriquez and his witnesses on the other. [Doc. 9, Ex. D, at 2]. The jury made the credibility determination, and this Court will not revisit that decision in the absence of any showing of a constitutional violation. There has been none in this case. "Federal habeas courts do not sit to correct errors of fact or to relitigate state court trials. Our jurisdiction is limited to ensuring that individuals are not imprisoned in violation of the Constitution." Thompson v. Oklahoma, 202 F.3d 283 (Table, text in Westlaw), 2000 WL 14404, at *6 (10th Cir. Jan. 10, 2000); Scrivner v. Tansy, 68 F.3d 1234, 1238 (10th Cir. 1995).

28. There is no basis for federal habeas relief in Claim Three.

**Recommended Disposition**

That Respondent's Motion to Dismiss [Doc. 7] be granted and that the Petition be denied and the case dismissed with prejudice.

Lorenzo F. Garcia
Chief United States Magistrate Judge